```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOHN C. SHARP,**

    **Petitioner,**

**v.**                **//**        **CIVIL ACTION NO. 2:12CV19**
                                                           **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 7, 2012, the petitioner, John C. Sharp ("Sharp"), by counsel, filed a petition pursuant to 28 U.S.C. § 2255, alleging that his trial counsel and the Court failed in their respective duties to advise him of his right to testify at his trial (dkt. no. 1). The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2. On April 13, 2012, the respondent, the United Stated of America ("United States"), filed a response in opposition to the petitioner's motion. (Dkt. No. 3). Sharp did not file a reply.

On May 21, 2012, Magistrate Judge Seibert issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Sharp's § 2255 petition be denied and dismissed with prejudice. (Dkt. No. 4). Specifically, the magistrate judge determined that, under the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984), Sharp's trial counsel had not been ineffective and,

further, that his claims concerning the Court's duty to advise him of his right to testify had no merit.

The R&R also specifically warned Sharp that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. He did not file any objections.* Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 4), **DENIES** the § 2255 petition (dkt. no 1), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record.

Dated: October 4, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

* The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).